**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LACY MILLER, | No. 13-17588 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-01351-JKS |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA; GARY SWARTHOUT, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Submitted March 14, 2016[**]
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Lacy Miller appeals the district court's denial of his petition for habeas relief

from his conviction for second degree murder and possession of a controlled

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substance. The sole issue certified for appeal is whether Miller was denied his Sixth Amendment right to an impartial jury because a juror in his trial was dating Miller's ex-girlfriend. *See Irvin v. Dowd*, 366 U.S. 717, 722 (1961) ("[T]he righ to a jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors.").

Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. A finding of actual bias (or a lack thereof) is a question of fact. *Fields v. Brown*, 503 F.3d 755, 768 (9th Cir. 2007) (en banc). Under AEDPA, we may grant habeas relief only where the state court's determination was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) (citing 28 U.S.C. § 2254(d)(2)). Specific factual findings by the state court are presumed correct and are rebuttable only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Murray v. Shriro*, 745 F.3d 984, 999-1001 (9th Cir. 2014). We review the district court's application of these standards de novo. *Crittenden v. Chappell*, 804 F.3d 998, 1006 (9th Cir. 2015).

The state court's finding that the juror did not realize that defendant Miller was the same Miller who had previously dated his girlfriend was not an

unreasonable factual finding for purposes of AEDPA. There was no direct evidence that the juror ever made the link between Miller and the girlfriend, and the state court was not required to draw an inference that the juror must have made the connection. The state court heard extensive testimony, and its evaluation of that testimony deserves deference. *See McClure v. Thompson*, 323 F.3d 1233, 1241 (9th Cir. 2003) (deferring to state court's decision when it simply asserted that it accepted the credibility of a witness). That there was a substitution of the judge in the state court on the final day of hearings does not change the statutory burden to "rebut[] the presumption of correctness [of factual findings] by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Even if the juror's testimony was difficult to believe, the state court did not solely rely on his testimony to discredit the girlfriend's testimony or to find that a link was missing. This is not a case where a juror's "pattern of lies, inappropriate behavior, and attempts to cover up his behavior introduced 'destructive uncertainties' into the fact-finding process." *Green v. White*, 232 F.3d 671, 676 (9th Cir. 2000) (citation omitted). As the state court noted, there was no evidence in the record that the juror had acted in a biased manner during the trial, or that he shared the information about the connection with any other juror.

Even if we were to construe Miller's claim as an implied bias challenge, *see Fields*, 503 F.3d at 770, his claim would be barred under AEDPA because our circuit cases recognizing an implied bias claim are not "clearly established federal law." *Hedlund v. Ryan*, No. 09-99019, 2016 WL 851821, at *12 (9th Cir. Mar. 4, 2016).

**AFFIRMED.**